CAMPBELL *v.* THE STATE.

An accusation, brought under the act approved August 15, 1903 (Acts 1903, p. 90), which charges that the accused contracted with named persons to perform services, and on the faith of such contract procured "advances," with the intent not to perform his contract, and that he neither rendered the services nor returned the "advances," but which fails to specify what these "advances" consisted of, is defective and should be quashed on demurrer specially pointing out this defect.

Submitted October 19, — Decided November 10, 1904.

Accusation of cheating and swindling.   Before Judge Humphreys.   City court of Moultrie.   August 29, 1904.

*J. D. McKenzie*, for plaintiff in error.

*T. W. Mattox*, solicitor, contra.

CANDLER, J.   The accused was tried and convicted upon an accusation brought under the act approved August 15, 1903 (Acts 1903, p. 90), the accusation charging that on a named day he "did contract with W. H. Smith & Co. . . . to perform services

as a laborer for the said W. H. Smith & Co., and by reason of said contract did obtain advances from the said W. H. Smith & Co. in the sum of fourteen & 88/100 dollars, and after having so contracted and procured said advances [the accused] did fail to comply with said contract, to the loss and damage to the said W. H. Smith & Co. in the said sum of fourteen & 88/100 dollars, the said contract having been made by [the accused] with intent to procure said advances 'from the said W. H. Smith & Co. and not comply with said contract, and did fail to return to said W. H. Smith & Co. said advances with interest." The accused demurred to the accusation, on the grounds, that it failed to point out what the advances alleged to have been procured by him consisted of; that it failed to charge that he made the contract with the intent to cheat and defraud W. H. Smith & Co.; and that there was no allegation that W. H. Smith & Co. were cheated or defrauded out of anything. The demurrer was overruled. The defendant, on his trial, was convicted; and he moved for a new trial on the grounds that the verdict was contrary to law and the evidence, but his motion was overruled. To the overruling of his demurrer and to the refusal to grant a new trial he excepted.

The ground of the demurrer which attacks the accusation for the alleged failure to charge that the contract was made by the accused with intent to defraud is sufficiently answered by reference to the accusation itself; for while it is true that the exact phraseology of the act of 1903 is not followed, the requirements of that act are substantially met by the use of the words, " with intent to procure said advances . . and not comply with said contract." We are equally clear that the accusation was defective in failing to set out of what the alleged advances procured by the accused consisted. The offense created by the act of 1903 is the fraudulent procuring of "money, or other thing of value," in the manner therein specified. The word "advances" may include money or chattels, or both. It was the right of the accused to be specifically informed of the nature of the offense with which he was charged; and a general allegation that he obtained " advances" was entirely too vague and indefinite. The court erred in not sustaining the demurrer.

*Judgment reversed.   All the Justices concur.*